UNITED STATES DISTRICT COURT
SOUTHERN DIVISION FOR THE EASTERN DISTRICT OF MICHIGAN

SANDY'S MARINA INC
*and* SANDRA GILLESPIE,

    Plaintiffs

v

LIBERTY MUTUAL INSURANCE COMPANY,

    Defendant.

Case No. 2:18-cv-10985

COMPLAINT
*and* JURY DEMAND

_____/

# C O M P L A I N T

Through their attorneys FREEL PROFESSIONAL CORP plaintiffs SANDY'S MARINA INC *and* SANDRA GILLESPIE state their complaint as follows:

1. Plaintiff Sandy's Marina Inc (hence "SMI") is a Michigan corporation doing continuous and systematic business in Wayne County Michigan.

2. Plaintiff Sandra Gillespie is a citizen of Florida owning real property situated in Wayne County Michigan which she leases to plaintiff SMI for its business purposes.

3. Defendant Liberty Mutual Insurance Company (hence "Liberty Mutual") is a mutual insurance company founded by an act of the Massachusetts Legislature with its principal place of business in Massachusetts.

4. The events giving rise to this controversy occurred in Van Buren Township, Wayne County Michigan at "Sandy's Marina," a Belleville Lake marina business owned and operated by plaintiff SMI on land owned by plaintiff Sandra Gillespie.

5. Venue is proper per 28 USC §1391(b)(2) because the events or omissions giving rise to the claims occurred within the district. Moreover, the property that is the subject of the action is situated within the district.



**FREEL**
540 West Lake Street
Tawas City MI
♠
www.freelpc.com
(989) 362-3444

6. The amount in controversy exceeds $75,000.00 exclusive of interest, costs, and attorney fees and is within the jurisdiction of this court per 28 USC §1332.

7. Because they relate to and (or) arise from the same events or controversies, this court has concurrent supplemental jurisdiction pursuant to 28 USC §1367 with respect to plaintiffs' state law claims for property protection insurance ("PPI") benefits pursuant to the Michigan *No-Fault Act* and the common law.

8. On or about 4/28/2017 Dajuan Sandifer was the operator of a motor vehicle registered to its owner, Catherine Sandifer.

9. On said date Dajuan drove the motor vehicle into the Sandy's Marina parking lot with Catherine as a passenger. Dajuan attempted to park the motor vehicle by pulling into or near a parking space facing the water.

10. As Dajuan walked away from the motor vehicle it rolled into the water.

11. The motor vehicle caused damage to the marina property when and as it became submerged, as well as when it was extracted from the water.

12. But for the heroic actions of plaintiff SMI's manager, Kevin Gillespie, and others; it is likely that Catherine would not have survived Dajuan's negligence.

13. At all times relevant defendant and Catherine were parties to a contract of no-fault automobile insurance identified by correlation to Liberty Mutual's reference #7443720171 and (or) claim #035441217.

14. The contract of insurance referred to above is in the possession of the defendant.

15. Pursuant to MCL §500.3125, a person suffering accidental property damage shall first claim PPI benefits from insurers of owners or registrants of automobiles involved in the accident.

16. Defendant is the priority insurer relative to payment of plaintiffs' claim for PPI benefits related to the accidental property damage actively involving Catherine's motor vehicle and caused by Dajuan's negligence.


**FREEL**
540 West Lake Street
Tawas City MI
♠
www.freelpc.com
(989) 362-3444

2

17. As a direct and proximate result of the motor vehicle accident described herein, plaintiffs have sustained damages, business interruption, consequential damages, and the incurrence of costs and fees; including without limitation the following:

    a. Damage to land, fixtures, and infrastructure;

    b. Damage to or destruction of tangible property;

    c. Loss of use of real and physical property;

    d. Economic loss and excess economic loss;

    e. Attorney fees;

    f. Expert witness fees and other costs of litigation and enforcement; and

    g. Other damages that may be shown through discovery.

18. Plaintiffs have demanded payment or reimbursement for the value of their damages. For no good reason offered, defendant has refused to pay plaintiffs.

19. Plaintiffs are as well entitled to recover interest under the Michigan *Uniform Trade Practices Act* at the rate of 12% per year from 60 days after reasonable proof was originally supplied to defendant. MCL 500.2006(4).

WHEREFORE plaintiffs respectfully demand judgment in their favor as against the defendants in an amount exceeding $75,000.00 together with interest, costs, and such further relief as may be deemed just and appropriate.

FREEL P.C.
*Attorneys for Plaintiff*

dated: **2018_3/27**    s/ *John M. Freel*

**JOHN M. FREEL** (P46217)
540 W Lake St, Ste 2
Tawas City MI 48763
(989) 362-3444 || john@freelpc.com

FREEL
540 West Lake Street
Tawas City MI
♠
www.freelpc.com
(989) 362-3444

## J U R Y   D E M A N D

Through their attorneys FREEL PROFESSIONAL CORP plaintiffs hereby demand trial by jury.

                                                F R E E L   P . C .
                                                *Attorneys for Plaintiff*

*dated*:   **2018_3/27**       s/ *John M. Freel*

                                               **JOHN M. FREEL** (P46217)
                                               540 W Lake St, Ste 2
                                               Tawas City MI 48763
                                               (989) 362-3444  ||  john@freelpc.com



**FREEL**
540 West Lake Street
Tawas City MI
♠
www.freelpc.com
(989) 362-3444